**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
FILED
AUG - 5 2008
USDC WP SDNY
```

------------------------------------------------------------x

DAN SHAKED,                                     :
individually and on behalf of a class,          :
                                                :
                    Plaintiffs,                 :
                                                :     **COMPLAINT – CLASS ACTION**
        v.                                      :
                                                :     JUDGE ROBINSON
WACHOVIA BANK, N.A.,                            :
                                                :     08 CIV. 6984
                    Defendant.                  :
------------------------------------------------------------x

## INTRODUCTION

1.      Plaintiff, Dan Shaked, brings this action against defendant Wachovia

Bank, N.A. for violation of the Electronic Funds Transfer Act.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. §1693m (Electronic Funds

Transfer Act), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district because defendant does business here and

all events at issue occurred here.

## PARTIES

4.      Plaintiff is a resident of New York.

5.      Defendant is a national bank with its principal offices at One Wachovia

Center, 301 S. College Street, Charlotte, NC 28288.

## FACTS

6.      Defendant operates an automated teller machine (ATM) at the Metro North Station, 1 Depot Place, Scarsdale, New York 10538.

7.      On May 7, 2008, plaintiff used the ATM.

8.      Plaintiff is not a regular customer of defendant.

9.      There was no notice at or near the ATM station that a fee would or may be charged.  A series of the photographs of the ATM are in Exhibit A.

10.      Defendant's machine charged plaintiff $2.50.  A redacted copy of the receipt issued to plaintiff is attached as Exhibit B.

## VIOLATIONS COMPLAINED OF

11.      The Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E, 12 C.F.R. § 205.15,  require an ATM operator such as defendant to provide notice to consumers that the operator will or may impose a fee on consumers for conducting a transaction at an ATM.  One notice must be posted on or near the ATM.  This notice is in addition to any that appear on the ATM screen.

12.      The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not met.

## CLASS ALLEGATIONS

13.      Plaintiff brings suit on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

14.      The class consists of (a) all  persons (b) who on or after a date one year

2

prior to the filing of this action, and on or before a date 20 days after filing of this action (c) were

charged a fee for use of defendant's ATM at the Metro North Station, 1 Depot Place, Scarsdale,

New York 10538.

15.    The number of class members is so numerous that joinder is impracticable.

16.    On information and belief, there are more than 50  persons who on or after

a date one year prior to the filing of this action, and on or before a date 20 days after filing of this

action were charged a fee for use of defendant's ATM at the Metro North Station, 1 Depot Place,

Scarsdale, New York 10538.

17.    There are questions of law and fact common to the class which

predominate over any questions affecting only individual class members.  The common questions

include:

a.    Whether defendant's ATM was posted with a notice.

b.    Whether defendant violated the EFTA.

18.    Plaintiff's claims are typical of the claims of the class members.  All are

based on the same facts and legal theories.

19.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in class action and consumer credit litigation.

20.    A class action is superior to other available methods for the full and

efficient adjudication of the controversy.  Individual actions are not economically feasible.

3

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

a.    Statutory damages;

b.    Actual damages;

c.    Attorneys' fees, litigation expenses and   costs of suit; and

d.    Such other relief as this Court deems proper.

_Abraham Kleinman_

Abraham Kleinman
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Pro hac vice admission to be applied for.

**JURY DEMAND**

Plaintiff demands trial by jury.

_Abraham Kleinman_

4

**Exhibit A**



Welcome to Metro-North
On-board fares are higher. Pl
your tickets before boarding t

























## WACHOVIA

```
DATE: 05/07/08        TIME: 06:22PM
ATM : 3162            SEQ : 3060
ONE DEPOT PL
SCARSDALE      NY

CARD NUMBER:  ************

WITHDRAWAL FROM CHECKING

CASH RECEIVED              $40.00
CONVENIENCE FEE             $2.50
TOTAL AMOUNT               $42.50
```

**800-WACHOVIA (922-4684)**
**Wachovia.com**